**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Jaivonte Roberts** | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 1:20-CV-00062** |
| | § | |
| **v.** | § | |
| | § | |
| **WILLIAMSON** | § | |
| **COUNTY,** | § | |
| | § | |
| **AND** | § | |
| **ROBERT CHODY,** | § | |
| **JOHN AND JANE DOES** | § | |
| **1-6, in their individual** | § | |
| **and official capacities** | § | |
| | § | |
| | § | |
| | § | |
| | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

COMES NOW, Jaivonte Rashad Roberts, (hereinafter referred to as "Roberts" or "Plaintiff"), who brings this action pursuant to 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1343, and the Eighth and Fourteenth Amendments to the United States Constitution, to vindicate his right to be free from unlawful seizure, and retaliation against the exercise of free speech and files this, his Original Complaint, complaining of and about Williamson County Sheriff Robert Chody ("Sheriff Chody") in his official capacity as policymaker for detainees in Williamson County Jail, and in his individual capacity, and John and Jane Does 1-6, Williamson County Deputy Medical Personnel, in

their individual capacities acting under color of law, (hereinafter collectively referred to as "Defendants"), and for cause of action would show the Court as follows:

## JURISDICTION

1. Subject matter jurisdiction for this cause rests with this Honorable Court as the case involves violations of the United States Constitution and other federal law, not limited to 28 U.S.C. § 1983. This Court has supplemental jurisdiction of the Texas state law claims pursuant to 28 U.S.C. § 1367.

2. Jurisdiction is satisfied as to Defendants because they reside in Texas and/or transact business in the State of Texas, such that this court's exercise of personal jurisdiction over the Defendants is consistent with all applicable statutory requirements and constitutional guarantees.

3. *In personam* jurisdiction is satisfied as to Defendant Williamson County because they are governmental entities and therefore reside in Texas and/or transacts business in the State of Texas, such that this Court's exercise of personal jurisdiction over the Defendants is consistent with all applicable statutory requirements and constitutional guarantees.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) and (b)(2) in the Austin Division, Western District of Texas as all actions of which Plaintiff complains occurred in Williamson County, Texas.

## PARTIES AND SERVICE

5. Plaintiff JAIVONTE ROBERTS is a citizen of the United States of America, and is a citizen and resident of Williamson County, Texas. At all relevant times, Plaintiff

JAIVONTE ROBERTS resided in Williamson County, Texas.

6. Defendants are citizens of the United States of America and employed by Williamson County Sheriff's Office, Williamson County Texas, during the events that are the subject of this lawsuit. She is sued in her individual capacity. At all relevant times, all Defendant acted under color of state law, and within the scope of their employment. Defendants may be served through their place of work or through their attorney of record, Ryan C. Krone, Germer PLLC.

7. John and Jane Doe 1-6.

8. Defendant Williamson County is a political subdivision of the State of Texas. Williamson County can be served through the Williamson County Attorney's Office at 405 Martin Luther King Blvd., Georgetown, TX 78626.

## FACTUALBACKGROUND

9. On June 21, 2016, Jaivonte Roberts was arrested by the Round Rock Police Department for one count of Aggravated Robbery and two counts of Burglary of Habitation with Intent to Commit Other Felony.

10. The charges stemmed from an offense committed on March 31, 2015, in Round Rock, Williamson County, Texas.

11. Roberts remained in custody in the Williamson County jail at all times pending trial, June 21, 2016, until on or about May 18, 2018.

12. At the time of Roberts arrest he was on parole from 2011 offense of Aggravated Assault with Deadly Weapon. A parole hold was issued following Roberts, 2016 arrest, alleging the offense as a violation of the terms of his parole.

13. At all times during Roberts' incarceration in Williamson County, Roberts' parole was not

revoked nor convicted of an offense; Roberts was a pre-trial detainee.

14. On or about January 11, 2018, Roberts sent a medical request for ibuprofen.

15. On or about January 13, 2018, Roberts sent a formal request using the Williamson County Correctional Facility Medical Request form. Roberts complained that he had severe swelling in his testicles.

16. On January 14, 2018 at 3:45 p.m. a medical officer completed the return of the Medical Request form and marked Roberts was "Placed on Dr. Call."

17. On January 14, 2018, Roberts was transported by Williamson County Sheriffs, John Doe, to Seton Williamson Hospital in Round Rock, Texas. Epididymoorchitis and Hypertension

18. Ronald Gladden from Seton Williamson noted in Roberts chart that the cause of the testicular swelling was unknown, prescribed numerous medications, and provided discharge instructions to follow-up with a urologist and family physician within 2-4 days and to seek emergency care if pain or swelling increased.

19. A verbal understanding of discharge instructions was signed by Deputy Keeton, Id #2045, Williamson County Sheriff's Office.

20. Roberts was discharged from the hospital the same day, January 14, 2018.

21. Jail medical records for Roberts do not indicate that a follow-up with jail doctor or an outside physician was scheduled.

22. Jail medical records for Roberts do not indicate that he was placed in medical unit for supervision.

23. On January 17, 2018, Roberts completed a Williamson County Medical Request form. The request specifically stated that he was sent to the hospital and instructed to seek emergency care if pain worsened. Roberts reported increased pain and swelling and asked to be seen as soon as

4

possible. The report was received on January 18, 2018 at 2:54 p.m. by Deputy Cantu, ID #14100.

24. A note was entered on the form by Williamson County medical staff with a list of medications including Tylenol, Ibuprofen, and Ciprofloxicin.

25. Medical files do not indicate that he was seen by the Williamson County medical department following the request for medical care on January 17, 2018.

26. On January 20, 2018, Roberts completed a "Williamson County Sick Call Progress Note" complaining that his "testicles are still swollen." Medical staff note that he has a low grade fever, appears sweaty, swelling and pain are continuing despite antibiotics. Roberts is transported to Seton Williamson.

27. On January 20, 2018, ultrasound of the testicles revealed a testicular torsion and orchiectomy was performed on Roberts.

28. On January 24, 2018, Roberts was discharged from the hospital and transported back to the Williamson County jail.

29. Defendant Robert Chody is the elected Sheriff of Williamson County, and at all times was responsible to policy and procedure for medical care of inmates at Williamson County jail.

30. On April 6, 2018, Roberts was acquitted of all charges following a directed verdict from the Court.

31. On or about May 18, 2018, Texas Department of Criminal Justice dismissed all revocation proceedings against Roberts.

### Count I – 42 U.S.C. § 1983
### Violation of Eighth Amendment

32. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

33. As a pre-trial detainee, Defendants owed a duty to provide reasonable medical care to Plaintiff

or in the very least to not show deliberate indifference to Plaintiff's medical needs. Defendants had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that the Defendant presented to the community at large.

34. In particular, Defendants had actual knowledge of ongoing medical care needed for Plaintiff, and breached that duty of care.

35. Defendants breached their duty of care by not following the treatment and discharge instructions of Seton Williamson hospital which required follow-up with a urologist and immediate medical intervention with continued symptoms and did not comply with the standard of care for the medical issues presented by Plaintiff.

36. The delay in treatment was the proximate serious and permanent physical injury and disfigurement.

37. As a result of the Defendants' violation of his constitutional rights, Plaintiff JAIVONTE ROBERTS suffered injuries, including but not limited to physical pain and suffering and permanent disfigurement.

<u>DEMAND FOR JURY TRIAL</u>

38. The Plaintiff JAIVONTE ROBERTS requests a trial by jury on all issues triable by a jury.

<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, that this Court enter judgment in her favor and against Defendants, awarding compensatory damages, costs, and attorneys' fees as well as punitive damages against each of the Individual Defendants and any other

relief this Court deems appropriate

    a. damages in an amount within the jurisdictional limits of this Court;

    b. all damages, penalties, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988, and as otherwise may be allowed by federal law;

    c. pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law;

    d. post-judgment interest at the legal rate;

    e. costs of the Court; and

    f. such other and further relief to which Plaintiff may be entitled at law or equity.

JAIVONTE ROBERTS, PLAINTIFF BY:

/s/ C. Beene

By: _____

    CARISSA BEENE,
    Attorney for Plaintiff
    Texas Bar Number: 24071967
    1106 San Antonio St.
    Austin, Texas 78701
    512-476-7376 (phone)
    512-354-7416 (fax)
    beenereposa@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that on 1/20/20, a true and correct copy of the Original Complaint above and forgoing document was served on Ryan Krone, Germer PLLC, attorney for Defendants electronically at rkrone@germer.com

/s/ C. Beene
Carissa Beene